IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANTE ROBINSON, :
:
    Petitioner, : CIVIL ACTION NO. 16-2569
:
v. :
:
MAHALLY, DISTRICT ATTORNEY OF :
THE COUNTY OF PHILADELPHIA, and :
THE ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
:
    Respondents. :

## ORDER

**AND NOW**, this 18th day of January, 2019, after considering the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Dante Robinson (Doc. No. 1), the respondents' response to the petition (Doc. No. 20), the state court record, and United States Magistrate Judge Henry S. Perkin's report and recommendation (Doc. No. 21); accordingly it is hereby **ORDERED** as follows:

    1.    The clerk of court is **DIRECTED** to remove this action from civil suspense and **RETURN** it to the court's active docket;[1]

    2.    The Honorable Henry S. Perkin's report and recommendation (Doc. No. 21) is **APPROVED** and **ADOPTED**;

    3.    The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

---

[1] Since neither party filed objections to Judge Perkin's report and recommendation, the court need not review the report before adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (acknowledging that 28 U.S.C. § 636(b)(1)(C) "may not require, in the absence of objections, the district court to review the magistrate's report before accepting it"). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report here for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Perkin's report for plain error and has found none.

4. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

5. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining certificate of appealability under section 2253(c)(2)).